UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE BROWNELL

          Plaintiff,

    v.                           **REPORT AND RECOMMENDATION**
                                             **05-CV-0588 (NPM)**

MICHAEL J. ASTRUE[1]
COMMISSIONER OF SOCIAL SECURITY,

          Defendant,

## I.    Introduction

Plaintiff Jane M. Brownell brings this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB").[2] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") denying her applications for benefits was not supported by substantial evidence and contrary to the applicable legal standards. The Commissioner argues that the decision was supported by substantial evidence and made in accordance with the correct legal standards.

For the reasons set forth below, the Court finds the Commissioner's decision is not supported by substantial evidence and not determined in accordance with the applicable law. Therefore, the Court recommends that the Plaintiff's motion for judgment on the pleadings be granted in part and Defendant's cross-motion for judgment on the

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue is substituted as the Defendant in this suit.
[2] This case was referred to the undersigned for Report and Recommendation, by the Honorable Norman A. Mordue, pursuant 28 U.S.C. § 636(b)(1)(B), by an Order dated July 1, 2009.

pleadings be denied.[3]

## II.   Background

On July 22, 2001, Plaintiff, then 26 years old, filed an application for DIB, claiming disability since March 1, 1999, because of back impairments, asthma, and temporomandibular joint ("TMJ") syndrome (R. at 81-83).[4] Her application was denied initially on October 1, 2001 (R. at 26-28). Plaintiff filed a timely request for a hearing on October 23, 2001 (R. at 29).

On October 24, 2002, Plaintiff, her husband, and her attorney appeared before an ALJ (R. at 325-351). The ALJ considered the case *de novo* and, on November 22, 2002, issued a decision finding Plaintiff not disabled (R. at 40-49). On April 23, 2004, the Appeals Council remanded the case to the ALJ for further consideration of Plaintiff's subjective complaints, including the testimony of her husband; further consideration of Plaintiff's residual functional capacity; testimony from a vocational expert to clarify the extent to which Plaintiff's occupational base is eroded by the assessed limitations; and for a supplemental hearing (R. at 64-66). On October 7, 2004, Plaintiff, her husband, and her attorney again appeared before the ALJ (R. at 289-324). On October 21, 2004, the ALJ considered the case *de novo* and issued a decision once again finding Plaintiff not disabled (R. at 13-24). The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review on April 1, 2005 (R. at 5-8). Plaintiff filed this action disputing her disability determination on

---

[3] Although no motion for judgment on the pleadings was filed, the moving party was excused from such filing under General Order No. 18, which states in part: "The Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings . . . ." General Order No. 18. (N.D.N.Y. Sept. 12, 2003).
[4] Citations to the underlying administrative record are designated as "R."

May 13, 2005.

Based on the entire record, the Court recommends remand because the ALJ did not apply the proper legal standard in assessing Plaintiff's subjective complaints or her treating physician's opinions, rendering the remainder of his decision unsupported by substantial evidence.

### III.   Discussion

#### A.  Legal Standard and Scope of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258

3

(2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must

be sustained "even where substantial evidence may support the plaintiff's position and

despite that the court's independent analysis of the evidence may differ from the

[Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other

words, this Court must afford the Commissioner's determination considerable

deference, and may not substitute "its own judgment for that of the [Commissioner],

even if it might justifiably have reached a different result upon a *de novo* review."

Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

The Commissioner has established a five-step sequential evaluation process[5] to

determine whether an individual is disabled as defined under the Social Security Act.

See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the

validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287,

2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing

whether a claimant is disabled.

　　　　　While the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S.

---

[5] This five-step process is detailed as follows:

　　　　　First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. §§ 416.920, 404.1520.

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

### B. Analysis

#### 1. The Commissioner's Decision

The ALJ followed the sequential analysis and concluded that Plaintiff was not disabled within the meaning of the Act (R. at 23). At step one the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity since her alleged onset date (R. at 17). At step two, the ALJ found that Plaintiff's TMJ syndrome was not a severe impairment (R. at 18). The ALJ then found that Plaintiff's "low back pain and [TMJ] syndrome . . . are "severe" within the meaning of the Regulations," but do not meet or equal a Listed impairment (R. at 20, 22). The ALJ granted "great weight" to the opinion of Dr. Alan Auerbach, M.D., a non-examining State agency physician, who opined that Plaintiff could perform light work with frequent options to alternate positions (R. at 18). In contrast, the opinion of Dr. Fred P. Scialabba, M.D., Plaintiff's treating physician, was not granted "very much weight" because "this opinion was rendered solely based on the claimant's subjective answers to questions" (R. at 18). The ALJ reviewed Plaintiff's testimony and her husband's testimony, but found her allegations not "fully credible" (R. at 19). The ALJ then determined Plaintiff had the residual functional capacity ("RFC") "to

5

lift and carry no more than ten pounds at a time, sit a total of six hours . . . stand and walk for a total of two hours . . . with the ability to change positions [as] needed [and] . . . should avoid more than moderate levels of environmental irritants" (R. at 20). The ALJ concluded Plaintiff could not perform her past relevant work (R. at 20). Based upon testimony elicited from a vocational expert ("VE") and Plaintiff's RFC, the ALJ concluded that Plaintiff could perform other sedentary work in the national economy, including accounts clerk, order clerk, appointment clerk, and information clerk positions (R. at 21-23).

### 2.      Plaintiff's Claims

Plaintiff argues that the ALJ erred (a) in finding Plaintiff not fully credible; (b) in evaluating the opinions of her treating physician, Dr. Scialabba; (c) in determining an RFC not supported by substantial evidence in the record, and; (d) determining that Plaintiff was not disabled at step five.

### a.  The ALJ Failed to Apply the Proper Legal Standard In Assessing Plaintiff's Credibility

Plaintiff argues that the ALJ erred in assessing her subjective complaints. Plaintiff's Brief, p. 10-11. After carefully reviewing the decision in this case, the Court concludes that the ALJ failed to apply the correct legal standard in assessing Plaintiff's subjective complaints.

The ALJ must consider the extent to which subjective evidence of symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), (d). The regulations require a two step analysis. Id.; S.S.R. 96-7p, 1996 WL 374186, at *2. First, the ALJ must

determine whether medical signs or laboratory findings show any impairment, "which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a); see also S.S.R. 96-7p, 1996 WL 374186, at *2. Second, if such an impairment is shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. S.S.R. 96-7p, 1996 WL 374186, at *2; see 20 C.F.R. § 404.1529(c). When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the following factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. S.S.R. 96-7p, 1996 WL 374186, at *2; 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii). Where the ALJ's credibility analysis is based on application of the proper legal standards and supported by substantial evidence, the court must uphold the ALJ's decision and may not substitute its judgment for the Commissioner's. Hogan v. Astrue, 491 F.Supp.2d 347, 352 (W.D.N.Y. 2007) (citing Parker v. Harris, 626 F.2d 225 (2d Cir. 1980)); Aponte v. Sec'y of Dept. of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984) (citations omitted).

In this case, the ALJ's credibility analysis was not based upon the proper legal standard because the ALJ failed to apply the two step analysis. The ALJ summarized

Plaintiff's testimony and mentioned her husband's testimony, and then summarily concluded "[b]ased on the evidence as a whole and the testimony and demeanor at the hearings, the [ALJ] does not find the claimant's allegations of the inability to work to be fully credible" (R. at 19). This finding is inadequate because it fails to apply the proper legal standard. Johnson, 817 F.2d at 986 ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."). On remand, the ALJ must apply the two step process and determine whether Plaintiff has impairment which can reasonably be expected to produce her alleged symptoms and if so, determine the intensity, persistence, and limiting effects thereof. 20 C.F.R. § 404.1529(a)-(c); see also S.S.R. 96-7p, 1996 WL 374186, at *2. In addition, if after engaging in the two-step analysis, the ALJ is not convinced that the Plaintiff's subjective complaints of pain or limitations are credible he must apply the seven credibility factors set forth above.

Plaintiff also argues that the ALJ failed to consider her husband's testimony, even though he testified twice and fully corroborated Plaintiff's testimony. Plaintiff's Brief, p. 10. The regulations state that the Commissioner "will consider all the evidence in [a claimant's] case record when . . . [determining] whether [a claimant] is disabled." 20 C.F.R. § 1520(a)(3). The regulations define evidence to include "[s]tatements [the claimant] or others make about [the claimant's] impairment[s], [the claimant's] restrictions, [the claimant's] daily activities, [or the claimant's] efforts to work." 20 C.F.R. § 404.1512(b)(3). Thus, a lay witness' testimony is evidence in a disability determination

8

proceeding and the ALJ must consider it. In this case, the ALJ mentioned some of Mr. Brownell's testimony, although it is not clear how he considered this evidence. On remand, the ALJ must consider the lay witness testimony presented at the hearing along with the other evidence of record.

### b. The ALJ Should Give Good Reasons for the Weight Assigned to the Treating Physician's Opinions

Plaintiff argues that the ALJ improperly rejected the opinions of her treating physician, Dr. Scialabba. Plaintiff's Brief, pp. 8-10.

In this case, the ALJ considered Dr. Scialabba's opinions and reasoned,

> The [ALJ] has also given consideration to the opinion of Dr. Scialabba of September 27, 2001. Dr. Scialabba noted that he does not foresee any capability of the claimant working because of pain. However, the [ALJ] notes that this opinion was rendered solely based on the claimant's subjective answers to questions. Therefore, the [ALJ] does not give this opinion very much weight pursuant to 20 CFR 404.1527 and [SSR] 96-6p, as this opinion is not supported by objective medical evidence and [is] contradicted by substantial evidence of record.

(R. at 18-19).

First, the Court notes that the ALJ did recite the appropriate legal standard for assessing what weight to assign to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2) ("If [the Commissioner] finds that a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [he] will give it controlling weight."). Furthermore, the record indicates that Dr. Scialabba's opinion of September 2001 was not supported by clinical or laboratory diagnostic techniques (R. at 272). Indeed, after his September 2001 letter, Dr. Scialabba ordered further testing

which he reviewed on October 17, 2002, stating: "I am at a loss as to explain the patient's current problems based upon the information at hand at this time" (R. at 272). By his own account, therefore, Dr. Scialabba did not believe Plaintiff's symptoms were explained by the objective medical evidence. Therefore, the Court finds no error in the ALJ's analysis of the treating physician's opinion.

Nonetheless, the Court notes that, the ALJ rejected Dr. Scialabba's opinions in part because the "opinion was rendered solely based on the claimant's subjective answers to questions" (R. at 18). The Second Circuit has said that the fact that a doctor also relies on a Plaintiff's subjective complaints does not undermine his opinion "as a patient's report of complaints, or history, is an essential diagnostic tool." Green-Younger v. Barnhart, 335 F.3d 99, 107 (2d Cir. 2003); see, e.g., McCarty v. Astrue, 2008 WL 3884357, at *6 (Aug. 18, 2008 N.D.N.Y.) (finding that "reliance on Plaintiff's subjective complaints is not a valid basis for rejecting [the treating physician's] opinion."). On remand, the ALJ should be aware that the Plaintiff's subjective complaints are diagnostic tools which may support Dr. Scialabba's opinions.

### c.  The ALJ's Remaining Analysis is Necessarily Flawed

Plaintiff also argues that the ALJ's RFC determination and step five conclusion were not supported by substantial evidence in the record. Plaintiff's Brief, pp. 11-13. Because this Court has already concluded that the ALJ improperly assessed Plaintiff's subjective statements and the treating physician's opinions, the ALJ must reconsider the remaining portions of the sequential analysis in light of a proper analysis of this evidence.

Finally, although Plaintiff did not discuss the issue, the Court suggests the ALJ clarify what impairments he found severe. In this decision that ALJ found that Plaintiff's TMJ syndrome *was not* a severe impairment (R. at 18), then he found that Plaintiff's TMJ syndrome *was* a severe impairment (R. at 20), made no finding as to Plaintiff's asthma, despite medical evidence of respiratory problems associated with asthma (R. at 190A-195, 239, 249-252, 260-63), and made no findings as to her depression, despite evidence Plaintiff was treated for depression (R. at 255, 259-61). See 20 C.F.R. §404.1512(a) (explaining that the Commissioner "will consider only impairment(s)" claimants say they have "or about which [the Commissioner] receive[s] evidence").

## IV.   Conclusion

Based on the foregoing, the Court recommends that the Commissioner's decision denying disability benefits be REMANDED for further proceedings in accordance with this recommendation and pursuant to sentence four of 42 U.S.C. Section 405(g).

Respectfully Submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED: November 23, 2009
Syracuse, New York

**Orders**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order**</u>.

<u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir.1989); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir.1988).

**SO ORDERED**.

Victor E. Bianchini
United States Magistrate Judge


DATED: November 23, 2009
Syracuse, New York

12